# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-736V
Filed: February 13, 2015
Not for Publication

```
************************************
BENA TOMLINSON,                    *
                                   *
            Petitioner,            *
                                   *         Damages decision based on proffer;
v.                                 *         influenza (flu) vaccine; shoulder
                                   *         injury related to vaccine
SECRETARY OF HEALTH                *         administration (SIRVA)
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
                                   *
************************************
```

Ronald C. Homer, Boston, MA, for petitioner.
Michael P. Milmoe, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On September 25, 2013, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that she suffered an injection-related shoulder injury as a result of the influenza ("flu") vaccination she received on October 6, 2010. On February 10, 2014, respondent filed her Rule 4(c) Report, conceding that petitioner suffered from a shoulder injury related to vaccine administration ("SIRVA") and recommending compensation.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

1

On February 13, 2015, respondent filed Respondent's Proffer on Award of Compensation. The undersigned finds the terms of the proffer to be reasonable. Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer. Pursuant to the terms stated in the attached proffer, the court awards a lump sum payment of **$170,000.00**, representing all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). The award shall be in the form of a check for **$170,000.00** made payable to petitioner, Bena Tomlinson.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 13, 2015                                                    /s/ Laura D. Millman
                                                                                              Laura D. Millman
                                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____

BENA TOMLINSON,

          Petitioner,

      v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 13-736V
Special Master Millman
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Compensation for Vaccine Injury-Related Items**

For purposes of this Proffer, the term "vaccine-related" is described in Respondent's Rule

4(c) Report, filed on February 10, 2014, conceding entitlement in this case. Respondent proffers

that, based on the evidence of record, petitioner should be awarded $170,000.00. This amount

represents all elements of compensation to which petitioner would be entitled under 42 U.S.C.

§ 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4). Petitioner agrees.

**II.    Form of the Award**

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment as described below, and request that the special master's decision

and the Court's judgment award the following:[1]

    A. A lump sum payment of $170,000.00 in the form of a check payable to petitioner, Bena
       Tomlinson. This amount accounts for all elements of compensation under 42 U.S.C.
       § 300aa-15(a) to which petitioner would be entitled.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

s/ Michael P. Milmoe
MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone:   (202) 616-4125
Fax:      (202) 616-4310

Dated:  February 13, 2015